**James Eldred BLALOCK, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–92–00744–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

Feb. 18, 1993.

W.K. Goode, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Linda A. West, Ron Johnson, Asst. Dist. Atty., Houston, for appellee.

Before O'CONNOR, HEDGES and DUGGAN, JJ.

## OPINION

DUGGAN, Justice.

A jury found appellant guilty of aggravated kidnapping and assessed his punishment, enhanced by two prior felony convictions, at 60–years confinement. We affirm.

Appellant urges a single point of error, asserting that "the trial court erred in denying his requested jury instruction on the lesser included offense of false imprisonment."

The complainant, Karen Lowe, was driving her automobile north on Loop 610 East in Houston at about 10:30 p.m. on July 31, 1991. As she proceeded alone, the driver of a truck in an adjacent lane informed her that sparks were coming from her right front tire. The driver of the truck, whom Ms. Lowe identified as appellant, asked her to pull over, and volunteered to look at it.

After pulling over onto the shoulder, Ms. Lowe remained in her car with the engine running, her foot on the brake, and the gearshift in neutral, while appellant checked underneath the car at the right front. She testified that suddenly she had no brakes and the pedal went all the way to the floorboard. When appellant got out from under her car, he denied having done anything to the brakes. At trial, the evidence established that the brake line had been cut. Ms. Lowe reluctantly accepted a ride from appellant because he was headed toward Greenspoint and she was stranded.

Appellant told her that he needed to leave a note to let someone know he was going to be late for an 11:00 p.m. appointment. He drove to a business park in a secluded area and gained entry to the parking lot by punching in a code at the gate. Once inside, appellant left a note on the door of a business called Tricore.

After appellant got back in the truck, he drove to a secluded spot near some dumpsters in the parking lot, pulled a five to six inch knife from the sunvisor, and pointed it at Ms. Lowe's chest. She testified that his expression had changed from that of a nice, kind person to that of an evil one who "didn't even look like the same man." She testified he ordered her to shut up and get down on the floorboard "and turn my bottom towards him." After she did so, she reached for and opened the passenger door. As she was getting out, appellant grabbed her hair in an effort to keep her in the truck. Ms. Lowe testified she reached back to try to free herself, and as she did so, the knife cut her hands. She broke free when her hair was pulled from her scalp.

Ms. Lowe testified that when she began to run, appellant said, "go on and get out of here, Bitch." She ran towards a medical clinic across the street from the business park and was spotted by the security guard, off-duty DPS Trooper Cornell Evans. Trooper Evans testified Ms. Lowe was running and screaming "Help me, help me, help me." "She was very nervous, crying, very, very upset ..." Trooper Evans testified that later, in the clinic, he observed "there was some large chunks of hair that had been pulled out of her head."

Appellant did not take the stand or offer any evidence. At the charge conference, appellant's counsel requested, and the trial court denied, a charge on false imprisonment. Therefore, the jury was charged only on kidnapping and aggravated kidnapping.

If evidence from any source raises the issue of a lesser included offense or a defensive theory, it must be included in the court's charge. *Gibson v. State*, 726 S.W.2d 129, 132 (Tex.Crim.App.1987) (op. on reh'g); *Stahl v. State*, 712 S.W.2d 783, 788 (Tex.App.—Houston [1st Dist.] 1986), *aff'd*, 749 S.W.2d 826 (Tex.Crim.App.1988). Further, the court's function is not to determine the credibility or weight to be given evidence raising a lesser included offense or defensive issue. The fact that evidence raising the lesser included offense or defensive issue may conflict with or contradict other evidence in the case is not relevant to the determination. A defendant is entitled to a charge on a defensive theory regardless of whether the evidence supporting the defensive theory is contradicted. *Sanders v. State*, 707 S.W.2d 78, 80 (Tex.Crim.App.1986); *Lugo v. State*, 667 S.W.2d 144, 147 (Tex.Crim.App.1984). Rather, it is the jury's duty, under proper instruction, to determine whether the evidence is credible and supports the lesser included offense or defensive theory. *Gibson*, 726 S.W.2d at 133.

In determining whether a charge on a lesser included offense is required, a two-step analysis is to be used. First, "the lesser included offense must be included within the proof necessary to establish the offense charged. Secondly, there must be some evidence in the record that if the defendant is guilty, he is guilty only of the lesser offense." *Gibbs v. State*, 819 S.W.2d 821, 831 (Tex.Crim.App.1991), *cert. denied*, — U.S. —, 112 S.Ct. 1205, 117 L.Ed.2d 444 (1992); *Aguilar v. State*, 682 S.W.2d 556, 558 (Tex.Crim.App.1985); *Royster v. State*, 622 S.W.2d 442, 446 (Tex. Crim.App.1981).

Misdemeanor and felony false imprisonment are both lesser included offenses of kidnapping and aggravated kidnapping. *Ex parte Gutierrez*, 600 S.W.2d 933, 935 (Tex.Crim.App.1980). Thus, in the instant case, the first prong of the *Royster* test is met. The remaining issue is whether there is evidence which shows that, if appellant was guilty, he was guilty only of false imprisonment.

The Penal Code defines the offense of false imprisonment as follows:

> (a) A person commits an offense if he intentionally or knowingly restrains another person.
>
>     . . . .
>
> (c) An offense under this section is a Class B misdemeanor unless the actor recklessly exposes the victim to a substantial risk of serious bodily injury, in which event it is a felony of the third degree.

TEX.PENAL CODE ANN. § 20.02 (Vernon 1989).

The Penal Code defines the offense of kidnapping as follows: "[a] person commits an offense if he intentionally or knowingly abducts another person." TEX.PENAL CODE ANN. § 20.03(a) (Vernon 1989). The abduction is elevated to aggravated kidnapping if the perpetrator does so with the intent to: "(4) inflict bodily injury on him or violate or abuse him sexually; [or] (5) terrorize him or a third person . . . ." TEX.PENAL CODE ANN. § 20.04(a) (Vernon 1989).

"Restrain" and "abduct" are defined, in pertinent part, as follows:

> (1) "Restrain" means to restrict a person's movements without consent, so as to interfere substantially with his liberty, by moving him from one place to another or by confining him. Restraint is "without consent" if it is accomplished by:
>
>     (A) force, intimidation, or deception;
>
>     · · ·
>
>     . . . .
>
> (2) "Abduct" means to restrain a person with intent to prevent his liberation by:
>
>     . . . .
>
>     (B) using or threatening to use deadly force.

TEX.PENAL CODE ANN. § 20.01 (Vernon 1989).

Appellant argues that the jury was free to reject the evidence which supported the State's abduction theory, i.e., that he intentionally and knowingly used or threatened to use the knife. Instead, he argues, the jury may have been "convinced that he recklessly exposed her to a substantial risk of serious bodily harm by pulling her hair

with a knife in his hand," and that a verdict of guilty of false imprisonment would thereby have been proper.

Simply because the jury could refuse to believe one or more of the elements of an alleged offense does not entitle a defendant to a charge including a lesser offense. *Mohammad v. State*, 814 S.W.2d 137, 139 (Tex.App.—Houston [14th Dist.] 1991), *aff'd*, 830 S.W.2d 953 (Tex.Crim.App.1992). " 'Raised by the evidence' under *Royster* does not ... mean sufficient evidence offered by the State but subject to jury rejection upon factual submission of the greater charged offense." *Lawrence v. State*, 783 S.W.2d 789, 793 (Tex.App.—El Paso 1990, no pet.).

Appellant's argument, that reckless conduct and the lesser offense of false imprisonment were raised, fails for another reason. Proof of the completed offense of aggravated kidnapping had been shown *before* the events of the complainant's escape, followed by appellant's attempt to stop her and the complainant's injuries. The State had proved by uncontradicted evidence, before the events of the complainant's escape, that appellant had intentionally and knowingly abducted the complainant from her automobile on the freeway to the secluded location by the dumpsters, and had used or threatened to use deadly force when he pulled the knife, pointed it at her, and forced her to the floor of his truck.

The events from which appellant would have the jury infer recklessness occurred after the completed and uncontradicted aggravated kidnapping. Nothing in the record suggests that appellant's acts were accompanied by any mental state other than knowing and intentional through the moment he compelled the complainant at knifepoint to lie on the truck's floor.

The trial court did not err in denying appellant's requested charge on the lesser included offense of false imprisonment. Appellant's point of error is overruled.

We affirm the trial court's judgment.