**Salon THOMAS, Appellant**

v.

**The STATE of Texas, Appellee.**

**No. 14–94–00423–CR.**

Court of Appeals of Texas, Houston (14th Dist.).

March 14, 1996.

Discretionary Review Refused June 26, 1996.

Floyd W. Freed, III, Houston, for appellant.

Calvin A. Hartmann, Houston, for appellee.

Before YATES, FOWLER and O'NEILL, JJ.

**OPINION**

O'NEILL, Justice.

Appellant, Salon Thomas, was convicted at a trial before a jury of the felony offense of burglary of a vehicle with intent to commit theft. TEX PENAL CODE ANN. § 30.04(a) (Vernon 1994). Appellant plead true to the enhancement paragraph, and the court assessed punishment at ten years confinement in the Texas Department of Criminal Justice, Institutional Division. In two points of error, appellant claims: (1) the trial court erred in denying his request for a charge to the jury on the lesser included offense of criminal trespass; and (2) the evidence was insufficient to support the jury verdict. We affirm.

## Background

On January 4, 1993, Houston Police Officers Chris Anderson, Darin Davis, J.C. Godfrey and Alberto Garcia were working undercover conducting a decoy or "sting" operation at the corner of 34th and North Shepherd. Officer Anderson spotted a potential suspect. At Officer Anderson's request, Officer Davis drove a 1990 Mercury Cougar to a corner lot, parked it, and stumbled out of the car pretending to be intoxicated. He left the vehicle running with the windows down. A camera and a purse with twelve dollars in marked bills was left partially showing in the front passenger seat of the vehicle. Officer Davis disappeared into an apartment complex until he was radioed by his fellow officers.

After Officer Davis disappeared, the appellant, Salon Thomas, was observed leaning into the decoy vehicle. The appellant was next observed discussing something with Kenneth Carl Lee ("Lee"), a witness in the case. Lee testified that the appellant had reached into the car, counted the money and come back and told him there was money in the car. They both then went to the car and reached in for the money, but Lee got it first. Lee gave the appellant one dollar and later another dollar when appellant requested more. Lee retained ten dollars for himself. The appellant was next observed getting onto a Metro bus, and was apprehended as he stepped off the bus with two one-dollar bills in his hand. The bills matched the serial numbers for the one-dollar bills used in the decoy operation.

## Point of Error No. 1

In his first point of error, appellant claims the trial court erred in denying his request for a charge to the jury on the lesser included offense of criminal trespass. Appellant recognizes that the case of *Cadieux v. State*, 711 S.W.2d 92, 94 (Tex.App.—Austin 1986, pet. denied), which held that criminal trespass is not a lesser included offense of burglary of a motor vehicle, is contrary to his position. Nevertheless, appellant urges the court to interpret "property" as used in the criminal trespass statute to include both real and personal property. We decline to so interpret the offense of criminal trespass.

The Texas Code of Criminal Procedure provides that an offense is a lesser included offense "if it is established by proof of the same or less than all the facts required to establish the commission of the offense charged." TEX.CODE CRIM.PROC.ANN. art. 37.09(1) (Vernon 1994). "If evidence from any source raises the issue of a lesser included offense, it must be included in the court's charge." *White v. State*, 867 S.W.2d 921, 923 (Tex.App.—Houston [1st Dist.] 1993, no pet.) (citing *Gibson v. State*, 726 S.W.2d 129, 132 (Tex.Crim.App.1987) (op. on reh'g); *Ojeda v. State*, 712 S.W.2d 742, 744 (Tex.Crim.App. 1986); *Stahl v. State*, 712 S.W.2d 783, 788 (Tex.App.—Houston [1st Dist.] 1986), *aff'd*, 749 S.W.2d 826 (Tex.Crim.App.1988)).

In determining whether the evidence in the record raises the issue of a lesser included offense, the court must consider all the evidence, whether introduced by the State or by the defendant. *Lugo v. State*, 667 S.W.2d 144, 147 (Tex.Crim.App. 1984). However, a defendant is not automatically entitled to a charge on the lesser offense simply because the lesser offense is included within the proof of a greater offense. *Aguilar v. State*, 682 S.W.2d 556, 558 (Tex.Crim.App.1985). The evidence may raise a lesser included offense issue in one of two ways. First, there may be evidence that refutes or negates other evidence establishing the greater offense. *Saunders v. State*, 840 S.W.2d 390, 391–92 (Tex.Crim.App.1992). The mere denial by the defendant of the commission of the greater offense will not in and of itself raise the issue. *Id.* (citing *McKinney v. State*, 627 S.W.2d 731 (Tex. Crim.App.1982); *McCardell v. State*, 557 S.W.2d 289 (Tex.Crim.App.1977)). Second, a lesser included offense issue may be raised if the evidence is subject to different interpretations. *Id.* at 392 (citing *Thomas v. State*, 543 S.W.2d 645 (Tex.Crim.App.1976); *Schoelman v. State*, 644 S.W.2d 727 (Tex.Crim.App. 1983)).

To determine whether a charge on a lesser included offense is required, the Court of Criminal Appeals has delineated a two step analysis:

First, the lesser included offense must be included within the proof necessary to establish the offense charged. Secondly, there must be some evidence in the record that if the defendant is guilty, he is guilty of only the lesser charge.

*Royster v. State*, 622 S.W.2d 442, 446 (Tex. Crim.App. [Panel Op.] 1981) (op. on reh'g) (citing *Eldred v. State*, 578 S.W.2d 721 (Tex. Crim.App.1979)); *see also Rousseau v. State*, 855 S.W.2d 666 (Tex.Crim.App.), *cert. denied,* — U.S. ——, 114 S.Ct. 313, 126 L.Ed.2d 260 (1993).[1]

■ In the case before us, appellant has not met the first prong of the test. We agree with the Austin Court of Appeals that criminal trespass[2] is not a lesser included offense of burglary of a vehicle.[3] *Cadieux v. State*, 711 S.W.2d at 94. In *Cadieux,* the Austin court held that "the offense of criminal trespass applies only to real property and does not extend to unauthorized intrusions into motor vehicles." *Id.* at 95. The court reasoned that the purpose behind the criminal trespass offense was to supplement the offense of burglary of a building or habitation by "providing a lesser penalty for an intrusion onto the land or into the building of another that is made without felonious intent."[4] *Id.* at 94 (citing Searcy and Patterson, Practice Commentary, 3 TEX. PENAL CODE ANN. § 257 (1974)).

Appellant argues that "property," as used in the criminal trespass statute, should be expanded to include more than real property. However, this same argument was rejected in *Williams v. State*, 605 S.W.2d 596 (Tex. Crim.App.1980), *overruled on other grounds, Woodfox v. State*, 742 S.W.2d 408 (Tex.Crim. App.1987). There the court noted:

Criminal trespass, as denounced in Sec. 30.05 of the Penal Code relates to 'property' or 'a building' and is quite foreign to the offense charged against appellant, the unauthorized use of a vehicle as denounced in Sec. 31.07(a) of the code. One statute relates to real property, land and buildings, while the other relates to chattels— boats, airplanes, or motor-propelled vehicles.

*Id.* at 600. Although the *Williams* case involved the offense of unauthorized use of a vehicle, we believe that the same reasoning applies to burglary of a vehicle. Both statutes relate to chattels, i.e. motor-propelled vehicles, as opposed to land and buildings as contemplated by the criminal trespass statute. *Cadieux,* 711 S.W.2d at 94. Therefore we hold that criminal trespass does not extend to unauthorized intrusions into motor vehicles. Point of Error Number One is overruled.

### Point of Error No. 2

In his second point of error, appellant argues that the evidence at trial was insuffi-

1. The Court of Criminal Appeals refined the second prong of the *Royster* test in *Rousseau v. State*, 855 S.W.2d 666, 673 (Tex.Crim.App.) *cert. denied,* — U.S. ——, 114 S.Ct. 313, 126 L.Ed.2d 260 (1993) as: "[S]econd, some evidence must exist in the record *that would permit a jury rationally to find* that if the defendant is guilty, he is guilty only of the lesser offense." (emphasis added).

2. The offense of criminal trespass is codified in § 30.05(a) of the Texas Penal Code as follows:

(a) A person commits an offense if he enters or remains *on property or in a building* of another without effective consent and he:
(1) had notice that the entry was forbidden; or
(2) received notice to depart but failed to do so.
TEX.PENAL CODE ANN. § 30.05(a) (Vernon 1994) (emphasis added).

3. The offense of burglary of a vehicle is codified in § 30.04 of the Texas Penal Code as follows:
(a) A person commits an offense if, without the effective consent of the owner, he breaks into or enters *a vehicle or any part of a vehicle* with intent to commit any felony or theft.
TEX.PENAL CODE ANN. § 30.04(a) (Vernon 1994) (emphasis added).

4. The offense of burglary of a building or habitation is codified in § 30.02(a) of the Texas Penal Code as follows:
(a) A person commits an offense if, without the effective consent of the owner, he:
(1) enters a habitation, or a building (or any portion of a building) not then open to the public, with intent to commit a felony or theft; or
(2) remains concealed, with intent to commit a felony or theft, in a building or habitation; or
(3) enters a building or habitation and commits or attempts to commit a felony or theft.

cient to sustain his conviction for burglary of a vehicle because the State did not prove that appellant did break and enter a vehicle with the intent to commit theft.

In reviewing a claim for insufficiency of the evidence, the court determines, after reviewing all of the evidence in a light most favorable to the verdict, whether any rational trier of fact could have found the essential elements of burglary of a vehicle beyond a reasonable doubt.[5] *Saxton v. State*, 804 S.W.2d 910, 914 (Tex.Crim.App.1991) (citing *Jackson v. Virginia*, 443 U.S. 307, 318–19, 99 S.Ct. 2781, 2788–2789, 61 L.Ed.2d 560 (1979)). As a reviewing court, we may not weigh the evidence. *See Moreno v. State*, 755 S.W.2d 866, 867 (Tex.Crim.App.1988). Our duty is to determine whether the explicit and implicit findings of the trier of fact are rational by viewing all the evidence in a light most favorable to the verdict. *Adelman v. State*, 828 S.W.2d 418, 421–422 (Tex.Crim. App.1992). In so doing, any inconsistencies in the evidence are resolved in favor of the verdict. *Matson v. State*, 819 S.W.2d 839, 843 (Tex.Crim.App.1991).

The trier of fact found appellant guilty of burglary of a vehicle. Appellant incorrectly asserts that the State needed to prove that he both broke *and* entered a vehicle with the intent to commit theft. Section 30.04 provides that a person commits an offense thereunder if, without the owner's consent, he "breaks into *or* enters a vehicle or any part of a vehicle with intent to commit any felony or theft." TEX.PENAL CODE ANN. § 30.04(a) (Vernon 1994) (emphasis added). The statute goes on to define "enter" as the intrusion of any part of the body or any physical object connected with the body. TEX.PENAL CODE ANN. § 30.04(b) (Vernon 1994). Appellant also incorrectly argues that, because he did not take anything from the car, he could not be found guilty of the offense. The element required by the statute is intent; "[t]he State is not required to

prove any actual taking." *Jones v. State*, 482 S.W.2d 634, 636 (Tex.Crim.App.1972).

Upon a review of the record as a whole, we find the jury verdict to be rational and supported by the evidence. Appellant was charged with breaking or entering a motor vehicle with the intent to commit theft. Officers Anderson and Godfrey, and witness Lee, all testified that they saw appellant enter the vehicle with part of his body. Officer Davis testified that he did not give appellant consent to enter the vehicle. Intent can be inferred from the acts, words and conduct of the accused. *Beltran v. State*, 593 S.W.2d 688, 689 (Tex.Crim.App.1980). Lee testified that both he and appellant reached into the car with the intent to get the money from the vehicle. Officer Anderson observed Lee and the appellant "going over the purse together." He saw Lee leave heading west on 34th Street, and saw the appellant get on a Metro bus. The bus was stopped and appellant was arrested with two marked one-dollar bills that had been placed in the purse as part of the decoy operation. Officer Godfrey also saw both men in the vehicle. The State introduced photographs that corroborated these observations. The testimony of another witness, Alice Smith, differed somewhat in that she indicated appellant only looked into the car and did not touch or reach into the vehicle. However, the credibility determination of such evidence is solely within the province of the trier of fact, which was free to accept or reject this defensive evidence. *See Saxton v. State*, 804 S.W.2d 910, 914 (Tex.Crim.App.1991).

We conclude that a rational trier of fact could infer from the evidence that appellant broke into or entered a vehicle with the intent to commit theft. Point of Error Number Two is overruled.

The judgment of the trial court is affirmed.

---

**5.** We note that the Texas Court of Criminal Appeals recently held that the intermediary courts of appeals have the authority to review the factual sufficiency as well as the legal sufficiency of the evidence. *Clewis v. State*, No. 450–94, —— S.W.2d —— (Tex.Crim.App. January 21, 1996).

However, appellant has not requested that we review the factual sufficiency of the evidence. Thus, we limit our review of the sufficiency of the evidence to the standards enunciated in *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).