MARY'S OPINION HEADING 






                                                                                    NOS. 12-03-00385-CR
 12-03-00386-CR
 
IN THE COURT OF APPEALS

TWELFTH COURT OF APPEALS DISTRICT

TYLER, TEXAS
WESLEY WADE BLACK,                                 §                 APPEAL FROM THE 173RD
APPELLANT
 
V.                                                                         §                 JUDICIAL DISTRICT COURT OF

THE STATE OF TEXAS,
APPELLEE                                                        §                 HENDERSON COUNTY, TEXAS
                                                                                                                                                            
MEMORANDUM OPINION
            Appellant was charged in three separate indictments with assault on a public servant. A jury
convicted him of the offenses charged in two of the indictments and acquitted him of the third. The
jury assessed Appellant’s punishment in each case at imprisonment for three years and no fine. 
Appellant presents four issues on appeal contending that the trial court erred in denying his requested
charges on self defense and resisting arrest and in proceeding to trial despite his announcement of
“not ready.” Appellant also complains that he was denied effective assistance of counsel. We
affirm.
 
Background
            On February 23, 2002, Officers James Cook, Jose Gomez, and Bill Gurley of the Athens
Police Department went to Appellant’s home to execute an arrest warrant for Appellant issued by
the County Court at Law of Williamson County, Texas, because of Appellant’s failure to appear for
a deferred commitment/compliance review in a child custody case.
            Appellant lived with his mother and stepfather. When the officers first went to the house,
Appellant was not there, but the officers informed his stepfather, Robert Williford, of the outstanding
warrant. When Appellant returned home, his stepfather told him about the outstanding warrant. 
Sometime later that day, the three officers returned to Appellant’s residence. Appellant answered
the door and invited the officers inside. He was holding his child in his left arm.
            Officer Cook told Appellant about the warrant and informed him that he was under arrest. 
Appellant asked to spend one more night with his family, but the request was denied. Appellant then
disputed the validity of the warrant, but the officers insisted that he was under arrest. Appellant then
pointed to each of the officers, and said, “All three of you motherf___ers ain’t taking me to jail. It
will take more than you.” From this point on, the account related by the State’s witnesses and
Appellant’s version of events differ in some respects.
            According to the officers, Officer Cook told him to be calm and put the baby down. 
Appellant refused and backed away from the officers. Officer Cook then placed his hand on
Appellant’s right shoulder and said, “Come on. Put the baby down. You have got to go with us. 
You’re under arrest.” But Appellant jerked back from Officer Cook. Officer Gurley placed his hand
on Appellant’s arm and told him to calm down. Appellant then hit Officer Gurley in the face
numerous times with his right fist, and began punching Officer Cook’s head. The baby dropped
from Appellant’s arms. Officer Gomez caught the child in midair and gave it to Appellant’s parents.
            The family’s pit bulldog entered the fray grabbing one leg of Officer Cook’s pants. Officer
Cook and Appellant exchanged more blows until Officer Cook wrestled Appellant to the floor where
Appellant continued trying to kick the officers. The officers finally managed to handcuff Appellant
and place him in leg restraints. Appellant was taken to the hospital for treatment of injuries to his
face. Officers Cook, Gurley, and Gomez also required treatment at the hospital for the injuries they
received.
            According to Appellant, he started hitting Officer Cook only after he heard one of the officers
say “get him,” and the officer grabbed his shoulder in a way that knocked him off balance. At that
point, he admits that he started hitting the officers. Appellant maintains, however, that he stopped
fighting when Officer Gomez drew his revolver and threatened to shoot the pit bulldog unless the
dog was removed from the room. Appellant testified that although he put his hands up, the officers
knocked him face down on the floor where they continued to beat and kick him. 
            Mr. Williford took the dog out of the kitchen, and the Willifords were not allowed back in
the room. They testified that they could hear Appellant screaming for help for several minutes.
 
Denial of Self-Defense Charge
            Appellant, in his first issue, contends the trial court erred in denying his requested charge on
the law of self-defense.
Applicable Law
            When properly requested, an accused is entitled to a charge on every defensive theory raised
by the evidence regardless of the strength of the evidence or whether it is controverted. Johnson v.
State, 629 S.W.2d 731, 733 (Tex. Crim. App. 1981); Hudson v. State, 956 S.W.2d 103, 104 (Tex.
App.–Tyler 1997, no pet.). If the evidence raises the issue of self-defense, the accused is entitled to
have it submitted to the jury. Riddle v. State, 888 S.W.2d 1, 6 (Tex. Crim. App. 1994). 
            Section 9.31(a) of the Texas Penal Code provides that “[e]xcept as provided in Subsection
(b), a person is justified in using force against another when and to the degree he reasonably believes
the force is immediately necessary to protect himself against the other’s use or attempted use of
unlawful force.”
            Section 9.31(b) of the Penal Code restricts a self-defense claim against an arresting officer
as follows:
 
              (b)         The use of force against another is not justified 
. . . .
 
(2) to resist an arrest or search that the actor knows is being made by a peace
officer, or by a person acting in a peace officer’s presence and at this direction, even
though the arrest or search is unlawful, unless the resistance is justified under
Subsection (c). . . .

Tex. Pen. Code Ann. § 9.31(b) (Vernon 2003).


            Section 9.31(c) provides that
 
The use of force to resist an arrest or search is justified: 
 
(1) if, before the actor offers any resistance, the peace officer . . . uses or attempts to use greater force
than necessary to make the arrest or search; and 
 
(2) when and to the degree the actor reasonably believes force is immediately necessary to protect
himself against the peace officer’s . . . use or attempted use of greater force than necessary.


Tex. Pen. Code Ann. § 9.31(c) (Vernon 2003) (emphasis added). If the claim of self-defense arises
out of an arrest or search, a charge on self defense is not required, unless there is evidence that,
before the accused offered any resistance, the officer used excessive force. See Tex. Pen. Code
Ann. § 9.31(c)(1); Sutton v. State, 548 S.W.2d 697, 699 (Tex. Crim. App. 1977).
            There is no evidence in this record that, in making the arrest, the officers used unnecessary
force before Appellant offered any resistance. When he became convinced that the officers were
going to execute the arrest warrant, Appellant told the officers that it would take more than three of
them to take him to jail. Appellant was acting extremely agitated and aggressive. When Officer
Cook put his right hand on Appellant’s shoulder, and said, “Come on. Put the baby down. You’ve
got to go with us. You’re under arrest,” Appellant began hitting him in the face. In describing the
incident, Appellant testified that he heard one of the officers say “get him,” and then “[the officer]
locked onto my right . . . shoulder . . . they hit me hard enough on the right shoulder to knock me off
balance.” As the State argues, even if Appellant’s version is believed, the officer’s actions before
Appellant offered resistance did not rise to the level of excessive force. “Locking onto” his right
shoulder so that he is off balance is not excessive force, especially when considered in conjunction
with Appellant’s aggressive stance and declaration that it was going to take more than three officers
to arrest him.
            There was no evidence raising the issue of self-defense, and the trial court did not err in
denying the requested charge. Appellant’s first issue is overruled.
 
Resisting Arrest
            In his second issue, Appellant complains that the trial court erred in denying his requested
charge on the lesser included offense of resisting arrest.
Applicable Law
            The test to determine whether a defendant is entitled to a charge on a lesser included offense
is “first, the lesser included offense must be included within the proof necessary to establish the
offense charged, and, second, some evidence must exist in the record that if the defendant is guilty,
he is guilty only of the lesser offense.” Rousseau v. State, 855 S.W.2d 666, 672-73 (Tex. Crim.
App. 1993) (emphasis added). If evidence from any source raises the issue of a lesser included
offense, a charge on the lesser included offense is required regardless of whether the evidence raising
the issue is weak or controverted. See Blalock v. State, 847 S.W.2d 461, 463 (Tex. App.–Houston
[1st Dist.] 1993, pet. ref’d). There must be some evidence demonstrating the lesser included offense
to be a valid, rational alternative to the charged offense. Forest v. State, 989 S.W.2d 365, 367 (Tex.
Crim. App. 1999).
            The offense of resisting arrest is committed when a person “intentionally prevents or
obstructs a person he knows is a peace officer . . . from effecting an arrest . . . by using force against
the peace officer.” Tex. Pen. Code Ann. § 38.03 (Vernon 2003). In order to be entitled to an
instruction on the lesser offense of resisting arrest, there must be some evidence to permit a jury
rationally to find that Appellant is guilty only of the lesser, and not of the greater offense.
            In the instant case, Appellant admits warning the officers that it would take more than the
three of them to arrest him. According to his own version of events, when one of the officers locked
on to him throwing him off balance, he immediately began hitting Officer Cook and then Officer
Gurley in the face and head with his right fist. He concedes their injuries required treatment at the
hospital. Although there is evidence that Appellant intentionally obstructed his arrest by using force
against the officers, there is no evidence that in doing so he did not “intentionally, knowingly or
recklessly cause bodily injury” to Officers Cook and Gurley. While there is an abundance of
evidence that Appellant was guilty of the lesser as well as the greater offense, there is no evidence
from which a jury could rationally conclude that he was guilty only of the lesser.
            The same issue involving similar facts was addressed relatively recently by the court of
criminal appeals in the case of Lofton v. State, 45 S.W.3d 649 (Tex. Crim. App. 2001). In Lofton,
the court stated as follows:
 
The evidence at trial showed that appellant intended to assault a public servant who appellant knew
was in the lawful discharge of his official duty. Appellant struck a police officer twice in the face
during the officer’s attempt to arrest appellant, causing the officer to suffer pain and a cut on his face. 
Even if appellant had intended only to prevent his arrest, the force used by appellant against [the
officer], at the very least, recklessly caused [the officer] to suffer a bodily injury. Regardless of
appellant’s intent, the State proved that appellant assaulted [the officer]. Resisting arrest was not a
rational alternative to assault on a public servant in the instant case. Therefore, the trial court was
correct to refuse appellant’s request for the instruction on resisting arrest. . . .


Id. at 652.
            Given the undisputed facts, we conclude, as did the court in Lofton, that resisting arrest was
not a rational alternative to assault on a public servant. The trial court did not err in refusing
Appellant’s request for an instruction on resisting arrest. Appellant’s second issue is overruled.
 
Denial of Continuance
              In his third issue, Appellant maintains the trial court erred by proceeding to trial when he
announced “not ready” due to the lack of an expert witness previously approved by the court.
            When the trial court called the docket on the day of trial, Appellant’s counsel announced,
“not ready for the reasons we talked about yesterday,” referring to Appellant’s sixth motion for
continuance, filed four days before. In the motion, Appellant stated that his previously designated
expert witness, James Hartley, had moved to Georgia and would be unavailable to testify. Appellant
requested additional time to procure another expert witness. Appellant, in his motion, did not state
that there was a reasonable expectation that another expert witness would be available to testify at
the next setting if the motion were granted. Immediately prior to the voir dire examination of the
jury panel, the trial judge announced from the bench that he was overruling Appellant’s motion, and
the case proceeded to trial.
 
Standard of Review and Applicable Law
            A motion for continuance based upon the unavailability of a witness is addressed to the
discretion of the trial court and is not granted as a matter of right. Tex. Code Crim. Proc. Ann. art.
29.06(6) (Vernon 1989). It is, however, the trial court’s duty to grant a defendant’s first motion for
continuance on this ground when the statutory requirements are met and there is no issue regarding
the movant’s lack of diligence. See Monsevias v. State, 642 S.W.2d 229, 231 (Tex. App.–Houston
[14th Dist.] 1982, pet. ref’d). Failure to set out all the requirements of Article 29.06 in a motion for
continuance due to the lack of a witness renders the motion inadequate. Gonzales v. State, 505
S.W.2d 819, 821 (Tex. Crim. App. 1974). The determination of whether to grant a continuance in
such circumstances is vested in the sound discretion of the trial court, and reversal is justified only
when it is shown that the trial court abused its discretion. Latham v. State, 20 S.W.3d 63, 67 (Tex.
App.–Texarkana 2000, pet. ref’d); Hughes v. State, 962 S.W.2d 89, 90 (Tex. App.–Houston [1st
Dist.] 1997, pet. ref’d). A motion for continuance based upon insufficient time to retain an expert
witness is deficient if it fails to state that the defendant has a reasonable expectation of procuring the
expert at the next term of court. Booth v. State, 499 S.W.2d 129, 133 (Tex. Crim. App. 1973). In
order to preserve for review the issue of the denial of a motion for continuance due to the absence
of a witness, the defendant must file a motion for new trial complaining that his motion for
continuance was improperly denied. Latham, 20 S.W.3d at 65.
            Appellant designated James Hartley as an expert on excessive force on October 31, 2002,
nearly a year before trial. Appellant asked for a continuance of a January 13, 2003 setting to allow
more time for trial preparation. On July 21, 2003, in his motion for continuance of an August 4,
2003 trial setting, Appellant first asked that the trial be postponed because James Hartley was
unavailable and more time was needed to hire another expert. Appellant filed another motion for
continuance on August 4 urging the same ground for postponement. 
            Appellant filed two other motions for continuance urging other reasons for delay on
September 12 and September 26. In his final motion for continuance filed on October 10, almost
three months after first asking the court to postpone trial on this basis, Appellant renewed his request
for more time to hire an expert witness. The last motion was defective in that it omitted the required
averment that Appellant had a reasonable expectation that such a witness could be procured by the
next setting. See Tex. Code Crim. Proc. Ann. § 29.07(2) (Vernon 1989). Appellant’s motion for
new trial included no complaint regarding the overruling of his motion. In the absence of such a
motion, error, if any, was not preserved. Moreover, even if the issue was preserved, we conclude
that the trial court did not abuse its discretion in denying Appellant’s motion. The procedural history
of this case strongly suggests the practical impossibility of procuring an expert witness to replace Mr.
Hartley. The trial court did not err in denying Appellant’s motion for continuance. Appellant’s third
issue is overruled.
 
 
Ineffective Assistance of Counsel
            In his fourth issue, Appellant contends that he was denied effective assistance of counsel by
the trial court’s failure to allow him additional time to hire an expert witness.
 
Applicable Law
            In assessing the effectiveness of counsel we apply the test set forth by the Supreme Court in
Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). Strickland
requires the Court to determine whether (1) counsel’s performance was deficient; and if so, (2)
whether there is a reasonable probability the results would have been different but for counsel’s
deficient performance. Strickland, 466 U.S. at 687, 104 S. Ct. at 2064.
            To prevail on an ineffective assistance of counsel claim, an appellant must show counsel’s
representation fell below an objective standard of reasonableness and a reasonable probability that
a different outcome would have resulted but for counsel’s error. See id., 466 U.S. at 694, 104 S.Ct.
at 2068; Jackson v. State, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). A reasonable probability
is a probability sufficient to undermine confidence in the outcome of the proceeding. See Strickland,
466 U.S. at 687, 104 S.Ct. at 2064; Moffatt v. State, 930 S.W.2d 823, 826 (Tex. App.–Corpus
Christi 1996, no pet.).
            Appellant argues that without expert testimony, his counsel lacked the knowledge to
adequately develop his defensive theory that he was entitled to defend himself against unnecessary
and excessive force used by the police during the arrest. Appellant relies on Ake v. Oklahoma, 470
U.S. 68, 105 S. Ct. 1087, 84 L. Ed. 2d 53 (1985). In Ake, the indigent defendant requested the
appointment of a psychiatric expert. The Supreme Court held that an indigent defendant is entitled
to the appointment of an expert upon a preliminary showing that the issue on which he seeks expert
assistance is “likely to be a significant factor” at trial. Id., 470 U.S. at 83, 105 S. Ct. at 1096.
            The State contends that Appellant was not entitled to the appointment of an expert because,
unlike the demonstrated need for a psychiatric expert in Ake to counter the State’s psychiatric
testimony, self-defense and the use of excessive force are issues of fact that lay jurors are routinely
expected to understand without expert assistance. See Jackson v. State, 992 S.W.2d 469, 474 (Tex.
Crim. App. 1999) (credibility of witnesses is routinely resolved by juries). We agree. Moreover,
Appellant’s own testimony did not support his self-defense theory. Even if such an expert had been
available and had been allowed to give his opinion on what constitutes excessive force, he could not
have changed the facts.
            The jury acquitted Appellant of one of the three assault charges against him. There is nothing
in the record to support a conclusion that counsel’s performance was deficient. Appellant’s fourth
issue is without merit, and it is overruled.
 
Disposition
            Having overruled all the issues advanced, we affirm the judgment.
 
                                                                                                    BILL BASS 
                                                                                                            Justice
 
Opinion delivered July 14, 2004.
Panel consisted of Griffith, J., DeVasto, J., and Bass, Retired Justice, Twelfth Court of Appeals, Tyler, sitting by assignment.





















(DO NOT PUBLISH)