Edward Eugene CADIEUX, Appellant,

v.

The STATE of Texas, Appellee.

No. 3–85–290–CR.

Court of Appeals of Texas, Austin.

May 21, 1986.

James A. Endicott, Killeen, for appellant.

Arthur C. Eads, Dist. Atty., James T. Russell, Administrative Asst., Belton, for appellee.

Before SHANNON, C.J., and EARL W. SMITH and GAMMAGE, JJ.

PER CURIAM.

A jury found appellant guilty of burglary of a vehicle. Tex.Pen.Code Ann. § 30.04 (1974). The trial court assessed punishment at imprisonment for four years. We will affirm the judgment of conviction.

At approximately 10:00 p.m. on July 12, 1985, Killeen police officers Phillip Kernan and James Chapman were on routine patrol when they were stopped by a motorist who told them that two men were "sneaking around" in a nearby used car lot. The officers drove to the lot, which was closed, and began to inspect the premises on foot. Soon, Chapman saw two men standing beside a Chevrolet Monte Carlo automobile. Chapman testified, "I could see their hands moving at the window of the driver's side ... and all of a sudden the driver's side door came open." One of the men, identified by Chapman at trial as appellant, then entered the Monte Carlo while the other man, identified at trial as Jeff Johnson, walked to the passenger side. At this point, Chapman announced his presence and placed both men under arrest.

During the subsequent investigation by officers Kernan, Chapman, and Jeffrey Fholer, two screwdrivers were found lying on the ground beside the Monte Carlo. Pry marks were found around the window of the Monte Carlo and on the Pontiac Grand Prix parked next to it. Although nothing had been taken from the Monte Carlo, the radio and all four wheels and tires had been removed from the Grand Prix. In addition, three other vehicles parked nearby in the lot bore pry marks, were open, and were missing their radios.

Jeff Johnson's car was found parked next door to the used car lot. Inside the car, the officers found several car radios and speakers, and a tire jack. Further, Larry Brown, owner of the used car lot, identified the wheels and tires on Johnson's car as being those taken from the Pontiac Grand Prix.

Appellant testified that he went with Johnson to the used car lot to locate parts for Johnson's car, and that he assumed Johnson would return the next day to buy the parts. Appellant stated that the Monte Carlo was unlocked, and that he had opened the door and reached inside in order to unlock the hood. Appellant denied having any screwdrivers in his possession, and asserted he had no intent to steal anything from the Monte Carlo or any other car on the lot.

In his first ground of error, appellant contends the trial court erred by refusing to give his requested charge on the lesser offense of criminal trespass. Tex.Pen. Code Ann. § 30.05 (Supp.1986).[1] Appellant argues that his denial of an intent to steal when he entered the Monte Carlo raised an issue as to whether he was guilty of the lesser offense of trespass of the automobile. We overrule this contention for two reasons.

■ First, the charge to which appellant now argues he was entitled is not the charge appellant requested at trial. Appellant's written requested charge was premised on the theory that appellant committed the offense of criminal trespass when he entered the used car lot. The record re-flects that appellant did not request a charge on the theory that he committed a criminal trespass when he entered the Chevrolet Monte Carlo. In our opinion, appellant's requested charge did not put the trial court on notice of the contention he now makes on appeal.

■ Second, even if the contention were properly preserved, it is without merit be-cause criminal trespass is not a lesser in-cluded offense of burglary of a vehicle. Appellant cites *Day v. State*, 532 S.W.2d 302 (Tex.Cr.App.1975), in which the court held that criminal trespass is a lesser in-cluded offense of burglary of a building or habitation. Tex.Pen.Code Ann. § 30.02 (1974). *Day* is of limited value to appellant because the question remains whether a vehicle, an item of personal property, can be the subject of a criminal trespass. In support of his contention that it can be, appellant notes that the definition of "prop-erty" found in Tex.Pen.Code Ann. § 28.-01(3) (1974) includes both real and personal property. However, the definitions con-tained in § 28.01 are expressly applicable only to the offenses contained in chapter 28 of the Penal Code. In fact, there is no statutory definition of "property" as it is used in § 30.05.

Section 30.05 is a restatement of former Penal Code art. 1377c, which proscribed the unauthorized entry onto the land of anoth-er. Searcy and Patterson, Practice Com-mentary, 3 Tex.Pen.Code Ann. 257 (1974). The trespass offense supplements the bur-glary offense by providing a lesser penalty for an intrusion onto the land or into the

---

1. Section 30.05 reads:
   (a) A person commits an offense if he enters or remains on property or in a building of another without effective consent and he:
   (1) had notice that the entry was forbidden; or
   (2) received notice to depart but failed to do so.
   (b) For purpose of this section:
   (1) "Entry" means the intrusion of the entire body; and
   (2) "Notice" means:
   (A) oral or written communication by the owner or someone with apparent authority to act for the owner;

   (B) fencing or other enclosure obviously de-signed to exclude intruders or to contain live-stock; or
   (C) a sign or signs posted on the property or at the entrance to the building, reasonably likely to come to the attention of intruders, indicating that entry is forbidden.
   (c) An offense under this section is a Class B misdemeanor unless it is committed in a hab-itation or the actor carries a deadly weapon on or about his person during the commission of the offense, in which event it is a Class A misdemeanor.

building of another that is made without felonious intent. *Id.* That § 30.05 applies only to intrusions upon real property was recognized in *Williams v. State,* 605 S.W.2d 596 (Tex.Cr.App.1980). *Williams* was a prosecution for unauthorized use of a motor vehicle. Tex.Pen.Code Ann. § 31.-07 (1974). On appeal, it was contended that the trial court erred by refusing to charge on criminal trespass as a lesser included offense. In holding that criminal trespass is not a lesser included offense of unauthorized use of a vehicle, the court observed:

> Criminal trespass, as denounced in Sec. 30.05 of the Penal Code relates to "property" or "a building" and is quite foreign to the offense charged against appellant, the unauthorized use of a vehicle as denounced in Sec. 31.07(a) of the Code. One statute relates to real property, land and buildings, while the other relates to chattels—boats, airplanes, or motor-propelled vehicles.

605 S.W.2d at 600. We hold that the offense of criminal trespass applies only to real property and does not extend to unauthorized intrusions into motor vehicles. The first ground of error is overruled.

 Appellant next complains that the trial court erred in permitting testimony concerning the burglaries of and thefts from the other cars on the lot over his objection that such testimony constituted proof of extraneous offenses. However, we have examined the record and find that most of this testimony was admitted without objection. When appellant did object, it was not on the ground he now advances. Finally, the testimony in question was admissible in order to prove the context of the charged offense. *Maddox v. State,* 682 S.W.2d 563 (Tex.Cr.App.1985).

Appellant's third ground of error asserts that the evidence is insufficient to establish that he entered the Monte Carlo with the intent to commit theft, and is therefore insufficient to sustain the conviction. Appellant bases this contention on his testimony denying an intent to commit theft, and on the undisputed fact that no property was taken from the Monte Carlo. However, an intent to steal may be inferred from appellant's actions on the night in question and from the circumstances surrounding those actions. We find the evidence more than sufficient to reasonably support the jury's verdict.

Finally, appellant contends the punishment assessed is cruel and unusual, pointing out that he is a high school graduate, has an honorable military record, and was eligible for probation. As a general rule, where the punishment assessed is within the limits prescribed by the legislature for the offense, it is not cruel and unusual. *Samuel v. State,* 477 S.W.2d 611 (Tex.Cr.App.1972). We find no basis in the record for departing from this general rule.

The judgment of conviction is affirmed.