Haisler v. State 









OP WITHDRAWN 3-31-93





IN THE
TENTH COURT OF APPEALS
 

No. 10-92-045-CR

     NELSON LEE HAISLER, JR.,
                                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                                              Appellee
 

From the 54th District Court
McLennan County, Texas
Trial Court # 91-769-C
                                                                                                    

O P I N I O N
                                                                                                    

      Nelson Lee Haisler, Jr. was convicted by a jury of aggravated possession of methamphetamine
and sentenced to forty years in prison and a $15,000 fine. See Tex. Health & Safety Code
Ann. § 481.115(c) (Vernon 1992). He appeals, alleging that the search warrant was not supported
by probable cause and that the court failed to suppress evidence seized outside of the scope of the
warrant. He also asserts that the evidence was insufficient to show he possessed more than
twenty-eight grams of methamphetamine, that the court erred in failing to instruct the jury on a
lesser-included offense, and that his forty-year sentence and $15,000 fine is cruel and unusual
punishment. We will affirm.
      On October 2, 1991, law enforcement officers executed a search warrant at 302 South Charles
in Elm Mott. Haisler was found in a back room of the trailer house, apparently throwing
something out of the window. 12.53 grams of methamphetamine was found on the ground outside
the window. Two bags of methamphetamine, with a total weight of 29.80 grams, were seized
from the back room where Haisler was found. Drug paraphernalia was also found in the back
room. Two people were found hiding in a bathroom.
      In the first point, Haisler complains that the search warrant was not supported by probable
cause. He asserts that the affidavit does not have a sufficient indicia of reliability to establish the
informant's credibility and is insufficient to link him with the premises to be searched. The
affidavit supporting the search warrant stated that the informant was "reliable, credible, and
trustworthy"; that the informant had provided information on illegal drug activities on numerous
occasions and "on each and every occasion the informer's information has proven to be true and
correct"; and that the informant's information had been corroborated by other informants and by
independent investigation by police officers. The affidavit stated in pertinent part: "The
informant was at the suspected premises within the past 72 hours and personally observed the
`suspected persons' in possession of a quantity of methamphetamine/amphetamine and marijuana
in the past." 
      Probable cause sufficient to support a search warrant exists if the facts contained within the
four corners of the affidavit and the reasonable inferences drawn from it justify the magistrate's
conclusion that the object of the search is probably on the premises at the time of issuance. Bower
v. State, 769 S.W.2d 887, 902 (Tex. Crim. App.), cert. denied, 492 U.S. 927, 109 S.Ct. 3266,
106 L.Ed.2d 611 (1989). If under the totality of the circumstances the facts alleged in the affidavit
would warrant a reasonably cautious man to accept the allegations as true, probable cause to issue
the warrant existed. Illinois v. Gates, 462 U.S. 213, 238-39, 103 S.Ct. 2317, 2332-33, 76
L.Ed.2d 527 (1983). Thus, the duty of a reviewing court is to look to the totality of the
circumstances to determine if there exists a substantial basis for concluding that probable cause
existed at the time of the questioned action, i.e., the trial court's ruling denying the motion to
suppress. Salazar v. State, 806 S.W.2d 291, 293 (Tex. App.—Amarillo 1991, no pet.). Because
the trial judge is the sole trier of fact at such a hearing, this court is not at liberty to disturb any
finding which is supported by the record. See Green v. State, 615 S.W.2d 700, 707 (Tex. Crim.
App. [Panel Op.] 1980), cert. denied, 454 U.S. 952, 102 S.Ct. 490, 70 L.Ed.2d 258 (1981);
Salazar, 806 S.W.2d at 293. 
      The affidavit alleged that the informant was reliable, credible, and trustworthy; that his
previous information had proven correct; and that the present information had been corroborated
by other informants and by independent police investigation. It alleged that Haisler was in charge
of and controlled the suspected premises. Haisler's complaints that the affidavit fails to show the
reliability of the informant and fails to link him to the premises are without merit. We overrule
point one.
      Haisler's second point complains that the court failed to suppress seized evidence that was
outside the scope of the warrant. The search warrant authorized the law enforcement officers to
enter and search the premises at 302 South Charles. Haisler argues that the baggies of
methamphetamine found outside the trailer home were beyond the scope of the warrant and should
have been suppressed.
      Steve Drews, an officer with the Waco Police Department, testified that he was a "perimeter"
officer, covering the northeast corner of the house when the warrant was executed. Drews
testified that, while he stood outside the trailer, a window opened and a white male's arm wearing
a watch threw out two clear baggies. The baggies, which fell directly in front of Drews, were
later identified as 12.53 grams of methamphetamine. When the trailer was secured, Drews
identified the watch on Haisler's arm; neither of the other two suspects found in the trailer wore
watches. 
      An officer may seize contraband which he sees in plain sight or open view if he is lawfully
where he has a right to be. Swink v. State, 617 S.W.2d 203, 210 (Tex. Crim. App. [Panel Op.]),
cert. denied, 454 U.S. 1087, 102 S.Ct. 648, 70 L.Ed.2d 624 (1981). Officer Drews, in executing
the search warrant, was lawfully upon the property when the baggies of methamphetamine were
thrown into plain sight. He had the right to seize the contraband. See id. We overrule point two. 
      In point three, Haisler complains that the evidence is insufficient to show that he possessed
more than twenty-eight grams of methamphetamine. Evidence will sustain a conviction if, viewing
it in the light most favorable to the verdict, any rational trier of fact could have found the essential
elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 318-19, 99
S.Ct. 2781, 2788-89, 61 L.Ed.2d 560 (1979); Geesa v. State, 820 S.W.2d 154, 156-57 (Tex.
Crim. App. 1991).
      Deborah Reagan, a DPS chemist, identified State's Exhibit 2A as two baggies containing
methamphetamine. One of the baggies contained 27.80 grams of methamphetamine; the other
contained 2.0 grams. John Montemayor, a deputy with the McLennan County Sheriff's
department, was the evidence officer. He testified that State's Exhibit 2A was found within State's
Exhibit 4I in the residence. State's Exhibit 4I was a plastic baggie wrapped in black electrical
tape. State's Exhibit 1—the baggies which Officer Drew recovered outside the window—contained
12.53 grams of methamphetamine.
      A defendant must exercise care, custody, control, and management over illicit drugs, knowing
them to be drugs, before he is guilty of their possession. Dickey v. State, 693 S.W.2d 386, 389
(Tex. Crim. App. 1984). If the defendant is not in sole possession of the premises where drugs
are found, the State must prove an affirmative link between the contraband and the defendant to
establish his possession. Deshong v. State, 625 S.W.2d 327, 329 (Tex. Crim. App. [Panel Op.]
1981). An affirmative link is established by facts and circumstances from which one may
reasonably infer that the defendant knew the contraband existed and that he exercised care,
custody, control, and management over it. Dickey, 693 S.W.2d at 389. These elements may be
established by circumstantial evidence. McGoldrick v. State, 682 S.W.2d 573, 578 (Tex. Crim.
App. 1985). Possession, however, need not be exclusive. Id. 
      Viewed in the light most favorable to the verdict, the evidence showed that, upon entering the
trailer house, the officers found Haisler in a back room where he appeared to be throwing
something out of the window. Officer Drews was outside the window and saw baggies being
thrown from the window. He later identified Haisler by the wristwatch he wore. The baggies
were identified as 12.53 grams of methamphetamine. Two other persons, one male and one
female, were found in the bathroom. When Haisler was arrested, he was holding a black
cylindrical object—later identified as a baby bottle wrapped in black electrical tape. Officer
Dennis Baier testified that narcotics offenders customarily wrap drug paraphernalia in black tape
so that it may be more easily hidden from law enforcement officers. State's Exhibit 2A, the two
baggies of methamphetamine with a weight of 29.80 grams, was found wrapped in black electrical
tape on the cabinet in the back room where Haisler was found. Other evidence favorable to the
verdict included: mail addressed to Haisler at the 302 S. Charles address; two sets of balance-beam
scales which testimony showed are frequently used to package drugs; a radio scanner used to
monitor police radio transmissions; a pH tester used in the manufacturing process of
methamphetamine; a bottle labeled "drying junk," commonly used to keep moisture out of powder-type substances like cocaine, amphetamine, and methamphetamine; syringes; and $950 in cash.
      Given Haisler's close proximity to the contraband in State's Exhibit 2A, his actions in
throwing the contraband in State's Exhibit 1 out of the window, his close proximity to all of the
other drug paraphrenalia in the back room, and that he received mail at the residence sufficiently
linked him to the methamphetamine. We overrule point three.
      In point four, Haisler complains that the court erred in failing to instruct the jury on a lesser-included offense of simple possession. In determining whether a jury must be instructed
concerning a lesser-included offense, a two-step analysis must be applied. Royster v. State, 622
S.W.2d 442, 446 (Tex. Crim. App. [Panel Op.] 1981) (on rehearing). First, the lesser-included
offense must be included within the proof necessary to establish the offense charged. Id. Second,
there must be some evidence in the record showing that if the defendant is guilty, he is only guilty
of the lesser offense. Id.; see also Moreno v. State, 702 S.W.2d 636, 640 (Tex. Crim. App.
1986). If evidence from any source raises the issue of a lesser-included offense, a charge on that
offense must be included in the court's charge. Saunders v. State, 840 S.W.2d 390, 391 (Tex.
Crim. App. 1992).
      There are two ways in which the evidence may indicate that a defendant is guilty only of a
lesser offense. There may be evidence which negates or refutes other evidence establishing the
greater offense; or, the evidence presented may be subject to different interpretations. Id. at 391-92. Haisler argues that neither of the baggies in Exhibit 2 nor Exhibit 1 contained more than
twenty-eight grams of methamphetamine. Haisler did not testify, but urges on appeal that he could
have been in possession of only one of the three baggies and thus guilty of only the lesser-included
offense of simple possession. 
      The two baggies in Exhibit 2A were bound together with electrical tape and had an aggregate
weight of 29.80 grams. Because the baggies were bound together, if Haisler possessed Exhibit
2A, he necessarily possessed over twenty-eight grams. We overrule point four.
      In point five, Haisler complains that his sentence of forty-years imprisonment and a $15,000
fine is cruel and unusual punishment. See U.S. Const. amend. VIII. Conviction for possession
of methamphetamine more than twenty-eight grams but less than four-hundred grams carries a
sentence of five to ninety-nine years imprisonment or life and a fine not to exceed $50,000. Tex.
Health & Safety Code Ann. § 481.115(d)(1). Haisler's sentence is within these guidelines. 
See id. As a general rule, when the punishment assessed is within the limits prescribed by the
legislature for the offense, it is not cruel and unusual. Samuel v. State, 477 S.W.2d 611, 614
(Tex. Crim. App. 1972); Cadieux v. State, 711 S.W.2d 92, 95 (Tex. App.—Austin 1986, pet.
ref'd). We find no basis in the record for departing from the general rule. See Cadieux, 711
S.W.2d at 95. We overrule point five.
      We affirm the judgment.
                                                                                 BILL VANCE
                                                                                 Justice
Before Chief Justice Thomas,
          Justice Cummings, and
          Justice Vance
Affirmed
Opinion delivered and filed February 17, 1993
Do not publish
(OP WITHDRAWN 3-31-93)