Rosemary SARSFIELD, Appellant,

v.

The STATE of Texas, Appellee.

No. 14–98–01192–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Dec. 23, 1999.

Christopher L. Tritico, Jan Woodward Fox, Ron S. Rainey, Houston, for appellant.

Alan Curry, Houston, for appellee.

Panel consists of Justices SEARS, CANNON, and HUTSON–DUNN.[1]

## OPINION

BILL CANNON, Justice (Assigned).

Rosemary Sarsfield appeals her conviction by a jury for criminal trespass on an airplane pursuant to section 30.05 of the Texas Penal Code. The trial court assessed her punishment at 90 days confinement in the county jail and a $250.00 fine, probated for one year. In ten points of error, appellant challenges her conviction. We reverse and render a judgment of acquittal for appellant.

### I. BACKGROUND.

On October 12, 1997, appellant attempted to board her Continental Airlines flight from Houston to Washington, D.C., and was stopped by Mary Maglio (Maglio), a flight attendant. Maglio explained that the flight was overbooked, and there was no overhead space for a carry-on bag. Because her bag was too large to fit under her seat, Maglio told appellant she would have to check the bag. Appellant told Maglio there were some breakable items in the bag, and she needed some other things in the bag. Maglio insisted she could not bring the bag with her on the plane, and an argument ensued. After appellant pulled Maglio's hair, Maglio went up front and reported the matter to Captain Myette.

1. Justices Ross A. Sears, Bill Cannon, and D.     Camille Hutson–Dunn sitting by assignment.

Appellant had taken her seat in the airplane, and still had her carry-on bag with her. Several Continental representatives attempted to persuade her to take another flight where she could put her carry-on bag in a bin. She informed the representatives that she was going to go home on the flight with her carry-on bag. Captain Myette discussed the matter with appellant and told her she was going to have to leave with police officers. The police officers came and arrested appellant for criminal trespass and escorted her off of the plane.

In ten points of error, appellant contends: (1) the trial court erred in denying appellant's motion to quash the information and dismiss the prosecution; (2) the trial court erred in denying appellant's motion for new trial; and (3) the evidence was legally insufficient to convict appellant of criminal trespass. In points (4) thru (10), appellant complains of charge errors and legal and factual insufficiency of the evidence as to other matters. Because we hold that appellant states a sufficient ground for reversal in her third point of error, we do not address appellant's other points of error.

## II. DISCUSSION.

■ A. The offense of criminal trespass under section 30.05, Texas Penal Code, applies only to real property. The pertinent portions of the statute are:

(a) A person commits an offense if he enters or remains on *property* ... of another without effective consent and he ... (2) received notice to depart but failed to do so.

TEX.PEN.CODE ANN. § 30.05(a)(2) (Vernon 1994 & Supp.1999) (emphasis added).

■ In conducting a legal sufficiency review, we determine "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 318–19, 99 S.Ct. 2781, 61 L.Ed.2d 560

(1979). Where the evidence is legally insufficient to sustain a conviction on appeal, we must reverse the conviction and order a judgment of acquittal because the constitutional guarantee against double jeopardy precludes further prosecution of the cause. *See Burkholder v. State*, 660 S.W.2d 540, 542 (Tex.Crim.App.1983) (citing *Burks v. United States*, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978)).

■ Appellant contends that an airplane is not "property" under the criminal trespass statute and there was no evidence to show appellant intruded upon anyone's real property. The State argues that "property" is not defined for purposes of the criminal trespass statute, but is defined in other chapters as including personal and real property. The State asserts that this Court should not construe "property" in the criminal trespass statute to mean only real property.

To date, we find three cases holding that the criminal trespass statute applies *only* to real property: *Williams v. State*, 605 S.W.2d 596 (Tex.Crim.App.1980); *Thomas v. State*, 919 S.W.2d 810, (Tex.App.–Houston [14th Dist.] 1996, pet. ref'd); and, *Cadieux v.. State*, 711 S.W.2d 92 (Tex.App.–Austin 1986, pet. ref'd).

In *Williams*, the appellant contended criminal trespass was a lesser included offense of unauthorized use of a motor vehicle under section 31.07, Texas Penal Code. In finding that criminal trespass claims applied only to real property, the court of criminal appeals held:

In contending that the trial court erred in failing to charge on the lesser included offense of criminal trespass, appellant has assumed his major premise. Criminal trespass, as denounced in Sec. 30.05 of the Penal Code relates to "property" or "a building" and is quite foreign to the offense charged against appellant, the unauthorized use of a vehicle as denounced in Sec. 31.07(a) of the Code. One statute relates to *real* property, land and buildings, while the other re-

lates to chattels-boats, *airplanes,* or motor-propelled vehicles.

*Williams,* 605 S.W.2d at 600 (emphasis added).

In *Thomas,* this court held:

We agree with the Austin Court of Appeals that criminal trespass is not a lesser included offense of burglary of a vehicle. *Cadieux v. State,* 711 S.W.2d at 94. In *Cadieux,* the Austin court held that "the offense of criminal trespass applies only to real property and does not extend to unauthorized intrusions into motor vehicles." *Id.* at 95. The court reasoned that the purpose behind the criminal trespass offense was to supplement the offense of burglary of a building or habitation by "providing a lesser penalty for an intrusion onto the land or into the building of another that is made without felonious intent." *Id.* at 94

*Thomas,* 919 S.W.2d at 813.

■ We construe these cases as established authority for the proposition that criminal trespass applies only to real property intrusions, not intrusions into airplanes. The State cites no authority to contradict these cases, and makes only a conclusory argument that the cases are only *dicta* with respect to their holdings as to the criminal trespass statute. The State does not support its conclusory argument with any authority, and this argument is waived. Tex.R.App.P. 38.1(h); *Lane v. State,* 933 S.W.2d 504, 511 & n. 7 (Tex.Crim.App.1996); *Johnson v. State,* 853 S.W.2d 527, 533 (Tex.Crim.App.1992), *cert. denied,* 510 U.S. 852, 114 S.Ct. 154, 126 L.Ed.2d 115 (1993). We find *no* Texas cases that explicitly hold the criminal trespass statute can be extended to apply to non-consensual intrusions into any type of motor vehicle, including airplanes. The State produced no evidence to show criminal trespass by appellant under section 30.05, Texas Penal Code. We sustain appellant's point of error three. Having sustained appellant's point three, it is not

necessary for us to address appellant's other points of error.

We reverse and render a judgment of acquittal for appellant based upon the legal insufficiency of the evidence.