March 13, 2008

The Honorable Jeff Wentworth
Chair, Committee on Jurisprudence
Texas State Senate
Post Office Box 12068
Austin, Texas 78711-2068

Opinion No. GA-0606

Re: Whether the criminal trespass provisions of section 30.05 of the Penal Code apply to recreational vehicle parks  (RQ-0621-GA)

Dear Senator Wentworth:

You ask whether the criminal trespass provisions of section 30.05 of the Penal Code apply to recreational vehicle ("RV") parks and similar commercial entities.[1]  More generally, you ask if the current statute "is clear or unclear as to how local law enforcement can enforce the statute as it relates to RV Parks or similar entities."  Request Letter, *supra* note 1, at 2.

## I.    Background

A typical RV park, as you describe it, is a commercial campground business that provides services as a "resort style destination." *Id.* at 1.  You relate that a proprietor of an RV park may have occasion to remove or exclude various persons who refuse to leave the premises voluntarily.  You give as examples a paying guest (or a guest of a guest) asked to leave because of unruly behavior or refusal to obey park rules. *Id.*  Also, an RV park may deny potential guests accommodation because their equipment does not meet safety standards or for other reasons. *Id.* at 2.  You state that law enforcement agencies routinely apply criminal trespass laws under similar circumstances to remove persons from a "movie theatre, hotel, restaurant or other service related business." *Id.* at 1–2.  But, you inform us, some law enforcement agencies have questioned whether the criminal trespass statute applies in the context of an RV park, or whether the issue is one "for a JP to resolve," suggesting that it is a civil matter. *See id.* at 1; *see also* TEX. GOV'T CODE ANN. § 27.031(a)(2) (Vernon Supp. 2007) (establishing justice court's original jurisdiction for forcible entry and detainer civil actions).

To clarify the criminal trespass statute's application in these circumstances, Senate Bill 182 and House Bill 1092 were passed during the Eightieth Legislative Session. *See* Request Letter, *supra* note 1, at 1; *see also* Tex. S.B. 182, 80th Leg., R.S. (2007); Tex. H.B. 1092, 80th Leg., R.S. (2007).

---

[1]*See* Letter from Honorable Jeff Wentworth, Chair, Committee on Jurisprudence, Texas State Senate, to Honorable Greg Abbott, Attorney General of Texas (rec'd Sept. 14, 2007) (on file with the Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Request Letter].

As enrolled, both bills would have amended section 30.05(a) of the Penal Code to specifically include a "recreational vehicle park" as property where criminal trespass may occur.[2] The bills also would have defined the term "recreational vehicle park" to mean "a tract of land that has rental spaces for two or more recreational vehicles."[3] Tex. S.B. 182, 80th Leg., R.S. (2007); Tex. H.B. 1092, 80th Leg., R.S. (2007).

The Governor vetoed the bills, on the grounds that:

> House Bill 1092 . . . and Senate Bill 182 . . . seek to amend the offense of criminal trespass by creating certain places that are subject to criminal trespass. Current statute covers the places identified in these bills, which renders this legislation redundant. If there are problems, the State of Texas should address criminal trespass issues in a comprehensive manner that makes the system consistent for enforcement and punishment.

Veto Message of Gov. Perry, Tex. H.B. 1092, H.J. OF TEX., 80th Leg., R.S. 7407 (2007); Tex. S.B. 182, S.J. OF TEX., 80th Leg., R.S. 5322 (2007). You ask "whether . . . the current Texas Penal Code Section 30.05 covers the places identified in the two bills, per the Governor's office opinion," and whether the section is clear "as to how local law enforcement can enforce the statute as it relates to RV Parks or similar entities." Request Letter, *supra* note 1, at 2.

## II.     Analysis

As currently written, section 30.05(a) of the Penal Code provides that:

> (a) A person commits an offense if he enters or remains on or in property, including an aircraft or other vehicle, of another without

---

[2]The bills provided:

> (a)  A person commits an offense if *the person* [he] enters or remains on or in property, including *a recreational vehicle park or* an aircraft or other vehicle, of another without effective consent or *the person* [he] enters or remains in a building of another without effective consent and *the person* [he]:
>
>> (1)  had notice that the entry was forbidden; or
>>
>> (2)  received notice to depart but failed to do so.

Tex. S.B. 182, 80th Leg., R.S. (2007); Tex. H.B. 1092, 80th Leg., R.S. (2007) (additions italicized and deletions stricken).

[3]The bills would have adopted the definition of "recreational vehicle" from the Transportation Code, as "a motor vehicle primarily designed as temporary living quarters for recreational camping or travel use. The term includes a travel trailer, camping trailer, truck camper, and motor home." Tex. S.B. 182, 80th Leg., R.S. (2007); Tex. H.B. 1092, 80th Leg., R.S. (2007), citing TEX. TRANSP. CODE ANN. § 522.004(b) (Vernon Supp. 2007)).

> effective consent or he enters or remains in a building of another without effective consent and he:
>
> > (1)   had notice that the entry was forbidden; or
> >
> > (2)   received notice to depart but failed to do so.

TEX. PENAL CODE ANN. § 30.05(a) (Vernon Supp. 2007).[4]

Section 30.05(a) does not define "property," but the term includes real property.  *See Sarsfield v. State*, 11 S.W.3d 326, 327 (Tex. App.—Houston [14th Dist.] 1999, pet. ref'd) (holding that the "offense of criminal trespass under section 30.05, Texas Penal Code, applies . . . to real property").  Section 30.05(a) broadly prohibits criminal trespass on real property without regard to the particular commercial enterprise conducted on the property.  TEX. PENAL CODE ANN. § 30.05(a) (Vernon Supp. 2007).[5]  Real property used as an RV park is "property" where criminal trespass may occur under section 30.05(a).  *Id.*  To answer the first part of your question, section 30.05(a) is applicable to property used for RV parks and similar enterprises.

More generally, you ask if the criminal trespass statute is clear "as to how local law enforcement can enforce the statute as it relates to RV Parks or similar entities."  Request Letter, *supra* note 1, at 2.  Section 30.05 does not specify how it would apply when the property in question is an RV park or similar property.  Rather, it sets out broad elements of the offense, which are that: "(1) a person, (2) without effective consent, (3) enters or remains on the property or in a building of another, (4) knowingly, intentionally, or recklessly, (5) when he had notice that entry was forbidden or received notice to depart and failed to do so."  *Bader v. State*, 15 S.W.3d 599, 606 (Tex. App.—Austin 2000, pet. ref'd).  In a particular case the application of one or more of these elements to the facts and circumstances may not be clear.

The operations of an RV park or similar commercial enterprise may present special considerations because of the likely existence of a contract pertaining to the use of the property.  As you explain, a guest pays for use of the property, which we assume will be pursuant to an agreement or contract, express or implied, with the proprietor of an RV park.  *See* Request Letter, *supra* note 1, at 1.  If express, their contract may address such matters such as the length of the guest's stay, the guest's right to have other guests, and the right of either party to terminate the agreement.  The agreement may constitute a lease, a license, or some other legal relationship, each with potentially different consequences.  While there is a dearth of authority directly concerning criminal trespass in the context of an RV park, the nature and terms of any agreement governing the person's right to

---

[4]"Notice" under the statute includes "oral or written communication by the owner or someone with apparent authority to act for the owner."  TEX. PENAL CODE ANN. § 30.05(b)(2)(A) (Vernon Supp. 2007).

[5]Section 30.05 of the Penal Code contains other provisions applicable to specific types of property such as "forest land," "agricultural land," and "railroad switching yard," none of which are pertinent here.  *See id.* § 30.05(b), (e), (g).

enter and remain on the property may be relevant to several of the elements of the offense of criminal trespass.

For example, an agreement between a property owner and an RV owner may constitute a lease that establishes a landlord–tenant relationship. *See, e.g., Dargis v. Paradise Park, Inc.*, 819 N.E.2d 1220, 1229–30 (Ill. App. Ct. 2004) (determining that a contract to rent a seasonal RV campsite constituted a lease rather than a license). A landlord–tenant relationship may be created under the common law. *See Stubblefield v. Jones*, 230 S.W. 720, 721 (Tex. Civ. App.—El Paso 1921, writ ref'd) (holding that the "relation of landlord and tenant is always created by contract, either express or implied"). Also, chapter 94 of the Real Property Code recognizes specific circumstances that establish a landlord–tenant relationship between a property owner and an RV owner. *See* TEX. PROP. CODE ANN. §§ 94.001–.303 (Vernon 2007 & Supp. 2007) (chapter 94).[6]

A tenant has an estate in land and the general and exclusive right to possession during the term of the lease. *See Mobil Pipe Line Co. v. Smith*, 860 S.W.2d 157, 159 (Tex. App.—El Paso 1993, writ dism'd w.o.j.).[7] If an RV owner has a valid, existing lease, unchallenged by any civil process, a court would likely conclude that such a person's presence on the leasehold does not constitute criminal trespass. While there are no cases directly on point, Texas courts have held that the criminal law is generally not a substitute for civil process to resolve property disputes. *See, e.g., Moore v. State*, 268 S.W.2d 187, 189 (Tex. Crim. App. 1954) (holding that "[c]riminal courts are not the forum for determination of disputed titles to real estate, and a criminal prosecution is not the medium for making such determination"); *Gornick v. State*, 898 S.W.2d 678, 680 (Tex. App.—Texarkana 1997, no writ) (holding that "[i]f a person is acting under a bona fide claim of right, albeit ill-founded, he is not guilty of a crime. If the act is not in fact legally justified, it may constitute a trespass that can be redressed by civil remedies, but it is not a crime."). The existence of a lease may raise issues about elements of the offense of criminal trespass, such as whether the leasehold constitutes the "property of another" under the criminal trespass statute, whether the accused had effective consent to enter and remain on the property, and whether the accused had the

---

[6]Chapter 94 applies to the relationship created when a landlord leases property in a "manufactured home community" to a tenant. TEX. PROP. CODE ANN. § 94.002 (Vernon 2007). A "manufactured home" specifically includes a "recreational vehicle," defined as "a vehicle that is primarily designed as a temporary living quarters for recreational camping or travel use and that is permanently tied to, affixed, or anchored to the premises." *See id.* § 94.001(3), (8), (10). Under chapter 94, an RV owner who is "(A) authorized by a lease agreement to occupy a lot to the exclusion of others in a manufactured home community; and (B) obligated under the lease agreement to pay rent, fees, and other charges" is a "tenant" under chapter 94. *See id.* § 94.001(11). A landlord subject to chapter 94 of the Property Code may not exclude or evict a tenant without first obtaining a civil writ of possession. *See id.* §§ 94.203(a) (requiring a writ of possession under chapter 24), 24.001–.011 (Vernon 2007 & Supp. 2007) (chapter 24, concerning forcible entry and detainer actions).

[7]*Accord Brown v. Johnson*, 12 S.W.2d 543, 545 (Tex. 1929) (holding that an essential feature of a lease is the intent of the landowner "to dispossess himself of the premises and [of the tenant] to occupy them"); *Levesque v. Wilkens*, 57 S.W.3d 499, 504 (Tex. App.—Houston [14th Dist.] 2001, no pet.) (holding that generally, a "lease grants a tenant exclusive possession of the premises [even] as against the owner"); *De Leon v. Creely*, 972 S.W.2d 808, 812 (Tex. App.—Corpus Christi 1998, no pet.) (holding that tenant has right of exclusive possession and that property owner's entry onto the leased premises would be unlawful outside of expressly reserved right of reentry).

requisite criminal intent. *See Gornick*, 898 S.W.2d at 680 (holding that the criminal trespass statute "does not criminalize acts that are undertaken in good faith as the proper exercise of ownership under a claimed right, for in such a case there is no criminal intent"); *State v. Mendieta*, 898 S.W.2d 11, 14 (Tex. App.—San Antonio 1995, no writ) (holding that a person who has entered and remained on property in which the person has a possessory interest "is not trespassing on the land of 'another'"); *Hann v. State*, 771 S.W.2d 731, 733–34 (Tex. App.—Fort Worth 1989, no writ) (holding that the existence of a bona fide dispute over a tenant's right of access to property precluded a criminal trespass finding that the defendant's entry or presence on the property was "without effective consent").

On the other hand, an agreement between an RV park or similar enterprise and an RV owner may be construed as creating a relationship other than landlord and tenant. You have suggested that the operations of an RV park might be analogized to a hotel. Generally, "[u]nder Texas law, . . . a guest in a hotel is a mere licensee, not a tenant." *Patel v. Northfield Ins. Co.*, 940 F. Supp. 995, 1002 (N.D. Tex. 1996). A hotel guest who is a licensee does not have a property interest in the premises. *See Mallam v. Trans-Texas Airways*, 227 S.W.2d 344, 346 (Tex. Civ. App.—El Paso 1949, no writ) (holding that while a tenant is vested with an estate in the property, a hotel guest is not). And a Texas court has held that a hotel need not resort to a civil detainer action to evict a guest upon reasonable notice. *McBride v. Hosey*, 197 S.W.2d 372, 374–75 (Tex. Civ. App.—El Paso 1946, writ ref'd n.r.e.). Nevertheless, even if an agreement between a proprietor of an RV park and a guest is determined to be a license, the law is not sufficiently clear to predict how the criminal trespass statute would apply in that instance. To return to your question, the criminal trespass statute is not entirely clear "how local law enforcement can enforce the statute as it relates to RV Parks or similar entities." Request Letter, *supra* note 1, at 2.

## S U M M A R Y

Property used as an RV park is "property" where criminal trespass may occur. Whether a particular person has committed criminal trespass on such property depends on the circumstances and the effect to be given to any agreement with the owner of the property concerning the person's rights of entry or presence on the property.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

KENT C. SULLIVAN
First Assistant Attorney General

ANDREW WEBER
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

William A. Hill
Assistant Attorney General, Opinion Committee