

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-19-00085-CR

_____

MARTIN MENDOZA, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 4th District Court
Rusk County, Texas
Trial Court No. CR15-085

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Justice Stevens

## MEMORANDUM OPINION

Martin Mendoza appeals his conviction for possession of a prohibited substance in a correctional facility. *See* TEX. PENAL CODE ANN. § 38.11 (Supp.). Mendoza entered into a plea bargain agreement with the State, which was approved and accepted by the trial court. Mendoza now appeals the denial of his pro se, written motion to dismiss, quash, or set aside the indictment,[1] which was filed and ruled on before trial.[2] Because we find (1) no evidence to support Mendoza's claims that he was denied the opportunity to prepare a defense or that he suffered excessive anxiety in his pre-trial confinement, (2) Mendoza did not preserve his complaint about sufficiency of the indictment's notice, and (3) Mendoza's claim under the Interstate Agreement on Detainers Act was not preserved, we overrule his points of error and affirm the trial court's judgment.

## I.     Background

While incarcerated in the Luther Unit of the Texas Department of Criminal Justice Correctional Institutions Division, Mendoza was indicted for possession of a prohibited substance in Rusk County.[3] Before he was appointed an attorney for that charge, Mendoza filed motions with the trial court, one of which asked the trial court to dismiss, quash, or set aside the State's indictment. The trial court denied that motion, then appointed an attorney to represent Mendoza. Eventually Mendoza pled guilty to the charge in exchange for the State recommending a sentence of five years' imprisonment.

---

[1]In Mendoza's motion, he raised several arguments, some of which are urged on appeal by his appellate counsel.

[2]*See* TEX. R. APP. P. 25.2(a)(2)(A).

[3]The record is silent on how long Mendoza had been incarcerated and how long he had been at the Luther Unit.

## II.     Mendoza's Points of Error

### A.     No Support for Claim Mendoza Was Unable to Prepare a Defense and Was Subjected to Anxiety or Stress

First, Mendoza claims he was unable to prepare a defense and that "anxiety and stress related to the additional prison ramifications/restrictions caused by the Rusk County detainer . . . contributed significantly to [his] pleading guilty in this case." Yet, Mendoza offers no evidence in support of this assertion. At the plea hearing, he expressed no complaints about the way the case had been handled. He told the court he had never suffered mental illness, "just nervous[ness]," and was not on medications. He signed the judicial admonishment, which read, in part, that his plea of guilty was "not influenced by force, threat or coercion," by "physical or mental abuse, or by any consideration or fear, persuasion or delusive hope of pardon." The indictment and judgment alleged an offense date of October 14, 2014, and the indictment was returned April 6, 2015.[4] There is no record of when Mendoza received the indictment and nothing showing what defense Mendoza was allegedly unable to prepare or present. Also, Mendoza did not file a motion for new trial to present evidence in support of this claim.[5] A conclusory argument

---

[4]Mendoza pled guilty, and the judgment was entered October 11, 2017.

[5]In his motion, Mendoza did claim that he had been denied access to some trade skill training classes and that his parole eligibility had been impeded by the detainer placed on him as a result of the indictment in this case, but he offered no evidence to support those claims.

unsupported by authority presents nothing for review. *See* TEX. R. APP. P. 38.1; *Sarsfield v. State*, 11 S.W.3d 326, 328 (Tex. App.—Houston [14th Dist.] 1999, pet. ref'd).

We overrule this point of error.[6]

### B. Claim of Insufficient Notice in Indictment Not Preserved

Mendoza's next point of error complains that the controlled substance he is alleged to have possessed, "AB-FUBINACA," is not in fact listed as a controlled substance in the Texas Health and Safety Code.[7] This complaint was not made in Mendoza's pro se motion. It therefore has not been preserved for this Court's review. *See* TEX. R. APP. P. 33.1. As a result, we overrule this point of error.

### C. Interstate Agreement on Detainers Act Claim Not Preserved; Statute Not Applicable

In a supplemental brief, Mendoza claims that the trial court should have dismissed his indictment because of a violation of the Interstate Agreement on Detainers Act (IADA).[8] This was not raised in the pro se motion and is not preserved for appellate review. *See* TEX. R. APP. P. 33.1. There is also nothing in the record suggesting Mendoza was incarcerated in any other state's penitentiary or jail. By its own terms, the IADA is an agreement between "party states." *See* TEX. CODE CRIM. PROC. ANN. art. 51.14, Art. I. Mendoza offers no authority or argument that the

---

[6]To the extent that Mendoza's point of error may be construed as a claim that he did not voluntarily make his guilty plea, the Texas Court of Criminal Appeals has held that the voluntariness of a guilty plea may not be contested on direct appeal following a plea bargain agreement. *See Cooper v. State*, 45 S.W.3d 77, 83 (Tex. Crim. App. 2001).

[7]The Code's list of Penalty Group 1 substances does include ADB-FUBINACA and AMB-FUBINACA. TEX. HEALTH & SAFETY CODE ANN. § 481.102(14), (15) (Supp.).

[8]*See* TEX. CODE CRIM. PROC. ANN. art. 51.14; 18 U.S.C.A. App. 2, § 1. The Agreement is sometimes called the IAD.

4

agreement somehow applies in a single state, without another party state.[9] "The IAD is a compact between states (and some other jurisdictions) that enables a party state to obtain custody of an out-of-state prisoner for prosecution and imposes duties to ensure a prisoner's quick return to the sending state." *Hopper v. State*, 520 S.W.3d 915, 924 (Tex. Crim. App. 2017) (footnote omitted).

We overrule this point of error.

## III.     Conclusion

The trial court's judgment is affirmed.


                                        Scott E. Stevens
                                        Justice


Date Submitted:        October 14, 2019
Date Decided:          October 29, 2019

Do Not Publish

---

[9]"Whenever a person has entered upon a term of imprisonment in a penal or correctional institution of a party state, and whenever during the continuance of the term of imprisonment there is pending in any other party state any untried indictment, information, or complaint on the basis of which a detainer has been lodged against the prisoner[, he is entitled to certain enumerated rights]." TEX. CODE CRIM. PROC. ANN. art. 51.14, Art. III(a).